**EFFINGHAM COUNTY BOARD OF EDUCATION, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 220–84C.**

United States Claims Court.

Nov. 22, 1985.

Richard J. Harris, Savannah, Ga., for plaintiffs.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

On May 2, 1984, plaintiffs brought this suit to challenge, *inter alia*, the constitutionality of a 1983 amendment to the Social Security Act, 42 U.S.C. § 418 (1982). The challenged amendment, § 218 of the Social Security Act, voided plaintiffs' 1981 attempt to withdraw as beneficiaries under the Social Security Old Age, Survivors and Disability Insurance benefits program (the "program"). Plaintiffs had joined the program in 1974 pursuant to an agreement between the State of Georgia and the United States. In that agreement, as well as under the Social Security Act prior to 1983, plaintiffs were given the express right to withdraw from coverage under the program, at will, and thereby terminate their insurance coverage and associated premium payments.

At the time the challenged amendments were enacted in 1983, plaintiffs had previously exercised their right to withdraw as beneficiaries under the program as of October 14, 1981. Thereafter, on November 3, 1981, the Department of Health and Human Services (HHS) issued a letter to the State of Georgia confirming plaintiffs' withdrawal and stating that it would be effective on "December 31, 1983 unless the State of Georgia withdraws its request for termination."[1] In spite of the foregoing approval given by HHS in the 1981 letter, however, when the 1983 Social Security Act amendments were passed, plaintiffs were sent a superseding letter from the State of Georgia informing them that "[y]our notice to terminate will not be recognized by the Federal Authorities."[2]

As a result of the statutory revocation of plaintiffs' right to withdraw, plaintiffs initiated this action in May of 1984. In their original petition, plaintiffs' alleged the unconstitutionality of the 1983 Social Security Act amendments, and requested an order directing—the defendant to both reinstate their termination approval and the return to plaintiffs of those sums paid in as contributions under the program subsequent to the date their termination was to have been originally effective, *i.e.*, December 31, 1983. In alleging the unlawfulness of defendant's refusal to honor plaintiffs' withdrawal from Social Security coverage, plaintiffs' *original* petition asserts as grounds: (1) a violation of state sovereignty under the Tenth Amendment; (2) a violation of plaintiffs' contract rights as third-party beneficiaries to a contract between the State of Georgia and the United States; (3) a taking of their property (*i.e.*, the right to voluntarily terminate) without compensation in violation of the Fifth Amendment; and (4) a Fifth Amendment denial of equal protection as compared to other classes of similarly situated persons with like plans who have been previously permitted to terminate their participation in the Social Security program.

On November 14, 1984, plaintiffs filed both a motion for leave to file their first amended complaint and a motion under Rule 14 seeking to join the State of Georgia as a third-party in interest. Thereafter, on December 10, 1984, plaintiffs' Rule 14 motion was denied. Plaintiffs' motion for leave to amend, however, was granted on December 11, 1984. In this their first amended complaint, plaintiffs made two important changes in their original petition. First, they withdrew or abandoned the third-party beneficiary contract claim. Second, plaintiffs added an alternative theory of recovery alleging that by voiding plaintiffs' right to withdraw from Social Security coverage, defendant had engaged in an unconstitutional exercise of the taxing power under Article I, Section 8. Various other amendments of a clarifying nature were also contained in the amended petition.

Subsequently, on January 28, 1985, the defendant filed a motion to dismiss the plaintiffs' petition alleging, *inter alia*, this court's lack of subject matter jurisdiction over plaintiffs' various claims. Concur-

---

**1.** Plaintiffs' Complaint, May 2, 1984, at Exhibit B.

**2.** *Id.* at Exhibit C.

rently with its motion to dismiss, defendant also filed a motion to stay discovery pending resolution of the motion to dismiss. Defendant's requested stay of discovery was granted on March 5, 1985.

Several months later, on August 20, 1985, with defendant's pending motion to dismiss fully briefed and a stay of discovery in place, plaintiffs again sought leave of the court to amend their petition. By this second amendment, plaintiffs seek to *replead* the third-party beneficiary claim they had previously abandoned in their first amended complaint. Defendant has opposed this second amendment through an opposition brief filed on August 26, 1985. Since that brief was filed, defendant has also moved this court, on October 3, 1985, for a complete stay of all proceedings pending the Supreme Court's decision in *Public Agencies Opposed to Social Security Entrapment (POSSE) v. Heckler*, 613 F.Supp. 558 (E.D.Calif.1985), *cert. granted, Heckler v. POSSE*, — U.S. —, 106 S.Ct. 521, 88 L.Ed.2d 454 (1985) (POSSE). Defendant's motion to stay proceedings was allowed on October 23, 1985.

Thus, in sum, presently pending before this court in this matter are—(i) defendant's motion to dismiss, filed January 28, 1985, and (ii) plaintiffs' motion for leave to file a *second* amendment to their complaint, filed on August 20, 1985. By this order, we hereby grant only plaintiffs' motion for leave to file a second amendment to their complaint. We reserve judgment on defendant's motion to dismiss.

### DISCUSSION

Having previously granted plaintiffs' motion for leave of court to file a first amendment to their complaint, we now address plaintiffs' second motion to amend its complaint, which seeks to replead the same third-party beneficiary claim they had previously abandoned in the first amended complaint. Plaintiffs' request for an order

allowing said second amendment is premised on two reasons: (1) RUSCC 15(a) specifies that leave to amend is to be freely given when justice so requires; and (2) justice requires said amendment here since further research and consideration has established and reconfirmed that plaintiffs are entitled to certain third-party contract rights under the defendant's agreement with the State of Georgia.

Defendant vigorously objects to plaintiffs' second amendment and argues that, first, as a matter of procedure, plaintiffs did not attach a copy of their proposed amendment to their motion for leave. Second, defendant asserts that plaintiffs' request is not in the interest of justice inasmuch as it is, in essence, not a new claim, but only the *re*assertion of a claim previously abandoned by plaintiffs in their first amended complaint filed in December of 1984. Defendant thereby concludes that given the previous assertion of this so-called third-party beneficiary claim, it is doubtful whether this theory was developed on "further research and consideration" as plaintiffs assert.

RUSCC 15(a), which governs the filing of out-of-time amendments to pleadings, states in pertinent part:

> A party *may* amend his pleadings once as a matter of course at any time before a response is served.... Otherwise a party *may amend* his pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires.*

RUSCC 15(a) (emphasis added). As to an appropriate interpretation of this operative language, we rely primarily on the Supreme Court's opinion in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, the Court reversed, *inter alia*, a decision of the Court of Appeals which had affirmed a District Court judge's refusal to allow the plaintiff to amend its petition after judgment had initially issued.[3] In so doing, the Court ventilated the following interpretation of Rule 15(a):

---

**3.** In *Foman*, the Court was construing FRCP 15(a), which rule mirrors in all material partic-

ulars RUSCC 15(a).

Rule 15(a) declares that leave to amend *"shall be freely given when justice so requires"; this mandate is to be heeded. ... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason*—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—*the leave sought should, as the rules require, be "freely given."* Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but *outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion* and inconsistent with the spirit of the Federal Rules.

*Foman,* 371 U.S. at 182, 83 S.Ct. at 230 (emphasis added; citations omitted). While we do not view this list to be inclusive, it is clear from the nature of the Court's litany of suggestive extenuating circumstances which would justify denying a motion to amend, that whatever the reason—it must be explicitly indicated. That is to say, it is an abuse of discretion to deny an amendment for lesser reasons.

Of all the extenuating circumstances outlined in *Foman,* there is one in particular which the Court has seen fit to emphasize on a number of other occasions. Two years prior to *Foman,* the Court in *United States v. Hougham,* 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960), highlighted one factor which reappears both in *Foman* and in subsequent deliberations over Rule 15, *i.e.:* "Rule 15 of the Federal Rules of Civil Procedure ... was designed to facilitate the amendment of pleadings *except* where

prejudice to the opposing party would result." [4] *Hougham,* 364 U.S. at 316, 81 S.Ct. at 17. In *Hougham,* the Court emphasized the need to find prejudice to the opposing party, holding that to deny amendments under Rule 15 without such a showing "would subvert the basic purpose of the Rule." *Id.* at 317, 81 S.Ct. at 18. A similar emphasis on the need to find prejudice to the opposing party was repeated eight years after *Foman* in *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1970). In *Zenith,* the Court stated that:

It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court. * * * But, in deciding whether to permit such an amendment, the trial court was required to take into account any prejudice Zenith would have suffered as a result....

*Zenith,* 401 U.S. at 330–31, 91 S.Ct. at 802.[5] While in connection with a motion to amend pursuant to Rule 15 we are to look to each of the factors outlined in *Foman, supra,* we are persuaded that absent a firm showing of prejudice to the non-movant, as a matter of law, the amendment must be allowed.

On the facts of the case at bar, we grant plaintiffs' motion to amend somewhat cautiously, if not with misgivings, but do so upon the firm belief that no demonstrated prejudice to defendant will result therefrom nor has any been shown. Initially, we stress that in defendant's brief, in opposition to plaintiffs' motion, there is no assertion that prejudice to defendant would result from allowing plaintiffs' motion. While it is arguable that foreseeable prejudice inures to the defendant because of the need to re-brief its motion to dismiss, we conceive this to merely constitute a vexing inconvenience rather than the visitation of measurable prejudice. And even that irritant is ameliorated given the fact that defendant's motion to dismiss already ad-

---

**4.** In *Hougham,* the Court was also construing FRCP 15(a), which rule mirrors in all material particulars RUSCC 15(a).

**5.** In *Zenith,* the Court again construed FRCP 15(a).

dresses the third-party beneficiary claim as pled in plaintiffs' *original* petition. Moreover, should defendant wish, at this time, to supplement that argument following the filing of plaintiffs' second amended complaint, we would certainly consider such a request to be reasonable under the circumstances. Outside of the utilization of the limited energy such a supplemental briefing might require, and because defendant has demonstrated no reprehensible prejudice on its own, we are constrained to conclude that proof of this element is wanting.

As to the other factors noted in *Foman*, we acknowledge, without expressing any opinion on the merits, that plaintiffs' third-party beneficiary claim is not an "[im]proper subject of relief." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Plaintiffs have alleged and presented documentary evidence regarding a contract between the State of Georgia and the defendant which "extend[s] ... the insurance system established by Title II of the Social Security Act ... to services performed by employees of those political subdivisions of the State listed in the appendix attached hereto...." [6] Plaintiffs' names appear in that appendix. While the law, as argued by defendant, may indeed provide plaintiffs no recovery under a third-party beneficiary theory, that is *not* to say plaintiffs' claim is appropriately barred as an "[im]proper subject of relief." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. We do not read *Foman* to say that in passing on what *is* a "proper subject of relief" for purposes of Rule 15, we need reach the legal merits of the cause of action being added. Such a result would certainly be absurd given the pretrial status of the case at bar.

It is noted that this is only plaintiffs' *second* attempt to amend their petition, in an action with no unreasonable time expended on our docket. Besides, we see no attempt by plaintiffs, through this second amendment, to engage in delay tactics designed to prejudice the defendant's position. In fact, defendant has not even alleged that plaintiffs are dilatory, nor do we

find any evidence portraying the requisite "bad faith or dilatory motive on the part of the movant." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

We do stress, however, that there must be an end to litigation. And, consistent with this premise, we cite plaintiffs to the venerable old case of *Friedman v. Transamerica Corp.*, 5 F.R.D. 115 (D.C.Del. 1946), which denied plaintiff's motion to amend on almost identical facts as those present here. In *Friedman*, there was a similar attempt to replead a cause of action abandoned in a previous amendment, and a motion to dismiss was completely briefed prior to the final motion to amend. The one significant distinguishing factor, to which we direct plaintiffs' attention in particular, is that in *Friedman*, the final motion to amend was the *fourth* motion to amend, while in this case we only have had *two*. Lest plaintiffs seek to tie their fate even more closely with that of the plaintiff in *Friedman*, we expect to be faced with no further motions to amend, save for some legitimate development currently beyond plaintiffs' present knowledge.

We agree, however, with the observations in *Friedman* that since Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," the word "freely" was used deliberately to "obviate technical restrictions on amendments." *Id.* at 116. For example, the original complaint may not be viewed as an irrevocable election nor are the "pleading[s] ... a game of skill in which one misstep by counsel may be decisive to the outcome ... [because] the purpose of pleading is to facilitate a proper decision on the merits." *Hougham*, 364 U.S. at 317, 81 S.Ct. at 18.

## CONCLUSION

We find that the underlying facts and circumstances relied upon by plaintiffs (*i.e.*, third-party beneficiary contract claim) may be a proper subject for relief, and that precedential support for this position was

---

**6.** Plaintiffs' First Amendment To Complaint, December 12, 1984, at Exhibit A–1.

not evident to plaintiffs until after the abandonment of the claim by the first amendment (December 11, 1984), and upon the subsequent decision in *POSSE, supra,* on May 29, 1985. Given the foregoing, we conclude that sound discretion and justice, on these facts, compel this court to permit plaintiffs to amend their pleadings for the second time.

On the basis of the foregoing, plaintiffs' motion for leave to amend is GRANTED.[7]

IT IS SO ORDERED.

See also, 10 Cl.Ct. 38.

---

7. Inasmuch as a stay of proceedings order issued on October 23, 1985, to facilitate the allowance of plaintiffs' instant motion, this court, *sua sponte,* vacates and reinstitutes said stay instantaneously so as to permit the allowance of plaintiffs' motion to amend.