**Clarence E. HAYS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 32–86C.**

United States Claims Court.

May 23, 1989.

Ira M. Lechner, Washington, D.C., attorney of record for plaintiffs.

Anthony H. Anikeeff, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

MEMORANDUM ORDER

REGINALD W. GIBSON, Judge.

This memorandum order addresses Plaintiffs' Motion For Leave To Amend The Second Amended Complaint, filed in this court on February 28, 1989. The record shows, with respect thereto, the following previous amended filings by the plaintiffs, and answers thereto by the defendant:

| Date | Item–Complaint | Deft's Answer |
|------|----------------|---------------|
| 1/15/86 | Original Complaint | 5/14/86 |
| 9/21/88 | 1st Amended Complaint | 10/4/88 |
| 1/10/89 | 2nd Amended Complaint | 2/3 and 7/89 |
| 2/28/89 | 3rd Amended Complaint* | — |

* It is this complaint that is the subject of the motion for leave. The court observes that plaintiffs characterized the motion as one to amend the second amended complaint. Actually, the motion seeks to file plaintiffs' third amended complaint.

In justification for their motion for leave to amend, plaintiffs allege the following:

[P]laintiffs desire to clarify, and in some instances eliminate, a number of the factual allegations of the Complaint which have, in part, changed due to the passage of time since the Complaint was first filed in 1986. Moreover, plaintiffs' counsel desires to eliminate some of the class action and superfluous language of the Complaint and to amend the provision dealing with statute of limitations. Therefore, plaintiffs' counsel believes that the Second Amended Complaint needs to be amended further in order to attempt to focus and to narrow the issues to be litigated.

(Pltfs' motion for leave, p. 1).

The opposition response of defendant states, *inter alia*, that plaintiffs seek to file their third amendment to override the

two or three year statute of limitations applicable to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 255, and to extend the government's *potential* liability from approximately 1983 back to 1974. Moreover, says defendant, said motion should be denied because plaintiffs have delayed too long, in asserting their expanded amended claim, to the extent that it should be deemed to be *untimely, unduly delayed, and unduly prejudicial.*

*Background*

This lawsuit was commenced in January 1986, by present and former civilian police officers employed at the Patuxent River Naval Air Station. The gravamen of their complaint seeks compensation for an alleged 30 minutes of daily *completed* overtime, pursuant to the FLSA, 29 U.S.C. § 216, and the Federal Employees Pay Act (FEPA), 5 U.S.C. § 5542. Said alleged compelled overtime, since at least 1984 or 1983, was required of plaintiffs consisting of about 20 minutes *prior* to the start of their daily shifts to obtain their weapons and radio equipment, to attend pre-shift briefings, and to inspect their vehicles. Additionally, it is alleged that they were also required to spend approximately 10 minutes *after* their shifts, each day, to return equipment and complete reports.

The proposed amended petition here in question, if allowed says defendant, expands the FLSA portion of this case from a statutorily limited time of two or three years, *i.e.,* back to 1984 or 1983, to 12 years, or back to 1974. Against this background, argues defendant, the sole justification for the proposed expansive pleading is that " 'plaintiffs' counsel desires ... to amend the provision dealing with the statute of limitations.' "

At oral argument on said motion, plaintiffs averred that the motion should be granted for the following reasons: (i) RUSCC 15(a), *infra,* requires that the grant of leave "shall be freely given"; (ii) the interest of justice so requires; and (iii) defendant will not be prejudiced. As for the reason for failing to put the February 28, 1989 new issues in the original com-

plaint, plaintiffs' counsel said—"I didn't think of it." (Tr. p. 22).

Conversely, defendant argues that—(i) the three-year period between the filing of the original complaint (January 1986) and the instant motion (February 1989) constitutes undue delay sufficient in itself to deny the motion; and (ii) it would be unduly prejudicial to the defendant to allow the motion because of failing memories and probable unavailable records, etc. In response to questions by the court, however, defendant admits that there is no demonstrable evidence of prejudice due to lost or destroyed records or unavailable witnesses. (Tr. pp. 36–38).

*Issue*

Against this background, the issue is— whether, on the facts here, the interest of justice requires that leave to amend shall be freely given.

*Discussion*

RUSCC 15(a) mirrors, in all material particulars, the Federal Rule of Civil Procedure 15(a),[1] and it provides, in pertinent part, as follows:

> A party may amend his pleadings once as a matter of course at any time before a response is served or ... within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court ... *and leave shall be freely given when justice so requires.*

(emphasis added). Because Claims Court Rule 15(a) is identical to its counterpart, under the Federal Rules of Civil Procedure, then general federal case law is, of course, persuasive on the issues here.

We observe, at the outset, that "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), citing to *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). And, we further note that the trial court is required to consider any prejudice visited on the non-movant

---

1. *See Effingham County Board of Education v.*      *United States,* 9 Cl.Ct. 177, 179 n. 3 (1985).

stemming from the filing of the amended complaint. *Zenith Radio*, 401 U.S. at 331, 91 S.Ct. at 802. *Foman* further teaches that "[i]n the *absence* of any apparent or declared reason—such as undue delay, bad faith, dilatory motive ..., repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...—the leave sought should, as the rules require, be 'freely given.'" *Id.* 371 U.S. at 182, 83 S.Ct. at 230 (emphasis added). However, it is evident that the foregoing criteria are in the disjunctive, *i.e.,* satisfaction of one is sufficient to deny the motion.

In assessing the case at bar, in light of the foregoing framework, the following facts are pertinent: (i) plaintiffs filed their *original* complaint in this court on January 15, 1986, and followed thereafter with their first and second amended complaints on September 21, 1988, and January 10, 1989, respectively; (ii) the third amended complaint, as to which a motion for leave is now sought for filing, was filed more than 37 months after the original complaint; (iii) at oral argument, and in response to the court's questions, plaintiffs' counsel conceded that there were no impediments to his making the "new" allegations, *i.e.,* equitable tolling, in the original complaint that were contained in the proposed third amended complaint—he just did not think of the principle; (iv) in fact, in plaintiffs' response to defendant's opposition, regarding subject motion, plaintiffs' counsel admitted that "[he] had not thought about applying [the new] argument in the instant case [third amended complaint until 1989 when it occurred to him while working on an *unrelated* case] though [he] had used the argument several years ago in another case" (Pltfs' Response to Deft's Opposition, p. 2); (v) if this court were to allow said motion, defendant, apparently, would be required to marshall evidence, oral and documentary, which relates to a period as far back as 1974, or 15 years; and (vi) while reaching three years back to obtain evidence is a long time to test a witness's present recollection, certainly it is less egregious than 12 years. This is particularly true when the movant's consistent conduct originally lead defendant to believe that it was not necessary to go back beyond 1983.

Hornbook law teaches, *supra,* that leave to file an amended complaint *shall* be freely given *"when justice requires,"* and an order denying leave to amend will be reversed *only* for an abuse of discretion. On these facts, however, we are constrained to deny plaintiffs' motion for the reason, as in *Isaac v. Harvard University,* 769 F.2d 817, 829 (1st Cir.1985), that the plaintiffs offered no plausible reason for the three-year delay in filing the third amended complaint and such failure admittedly was not because of newly discovered evidence, *supra,* inasmuch as counsel candidly conceded that he had previously used the equitable tolling theory contained in the third amended complaint in a previous case but simply forgot it over a three-year period. We clearly find this conduct unforgiving and more than sufficient to constitute *undue delay,* and repeated failures to cure deficiencies by amendments previously allowed. Moreover, given the previous omissions of counsel, if this court were to allow said motion to amend, the likelihood of defendant having to marshall evidence more than 15 years old certainly is sufficient grounds to infer the likelihood of substantial prejudice —*i.e.,* failing recollections, difficulty in retrieving records, as well as locating witnesses.

A case on point is *Isaac v. Harvard University,* 769 F.2d at 829, wherein the First Circuit stated:

"While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, ... it is clear that *'undue delay'* can be a basis for denial[.] ... And where, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and delay'.... Appellant has failed to meet that burden." *Hayes v. New England Millwork,* 602 F.2d 15, 19–20 (1st Cir.1979) (citations omitted).

*See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Moreover, *the court was entitled to believe* that the new claim would result in undue prejudice to the defendant. If this claim had been allowed, Harvard would have been required to develop evidence of oral representations which occurred 13 years before Isaac's proposed amended complaint was filed....

(emphasis added).

*A fortiori,* this court on clearly analogous facts here is justified in finding undue delay as well as undue prejudice to defendant. Therefore, under the circumstances here, we do not believe the exercise of the court's discretion, by denying plaintiffs' motion, can reasonably be deemed an abuse of discretion.

*Conclusion*

The foregoing circumstances require us to hold, therefore, that the interest of justice compels the denial of plaintiffs' motion because of undue delay and prejudice to the defendant if said motion were to be granted.

Wherefore, plaintiffs' motion for leave to file the third amended complaint is hereby DENIED.

IT IS SO ORDERED.