SPALDING & SON,
INCORPORATED, Plaintiff,

v.

The UNITED STATES, Defendant.

Cong. Ref. No. 2–86.

United States Claims Court.

March 19, 1991.

Gary G. Stevens, Washington, D.C., for plaintiff.

Anthony H. Anikeeff, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This is a congressional reference case in which plaintiff, Spalding & Son, Incorporated (Spalding), is seeking leave to amend its complaint. In substance, Spalding wishes to add an additional theory for calculating its damages, which, if allowed, would purportedly entitle it to recover approximately $54,000 ($250,000 − $196,000) more than was pled in the original complaint. The defendant vigorously opposes the motion, arguing that it is untimely, an unfair surprise, and that, because it was filed three weeks before the scheduled commencement of trial, it is extremely prejudicial. For the reasons stated below, Spalding's motion for leave to amend its complaint is DENIED.

## BACKGROUND

On January 24, 1985, Congress passed a bill authorizing the Secretary of the Treasury to pay *up to* $250,000 in full settlement of any meritorious claims by Spalding under a timber sale contract between it and the Bureau of Land Management (BLM), Department of Interior. On October 8, 1986, this matter was referred to the Claims Court for findings of fact, conclusions of law, and a recommendation to Congress as to whether any legal or equitable grounds for recovery exist. Thus, Senate Bill 294 and S. Resolution 458 were docketed in the Claims Court on December 10, 1986. Spalding filed its complaint under this congressional reference on March 10,

1987, seeking to recover $196,603.55 in damages. It generally alleges that it entered into a "partial cut" timber sale contract with the BLM; that the markings which distinguished the trees it purchased under that contract from those on the same tract still owned by the BLM were completely obliterated by a forest fire in August 1978; that Spalding subsequently agreed to sell the trees back to the BLM because they could no longer be separated from those still owned by the defendant; that the BLM then sold those trees to another contractor for a higher price than it paid when it repurchased the trees from Spalding; that Spalding was entitled to receive the profits of that sale instead of the BLM; and that the amount of damages is equal to the difference between the price the BLM paid to Spalding and the price the BLM received when it resold the trees. The defendant opposed the complaint in all material particulars in its answer filed on June 10, 1987.

The court subsequently allowed the parties to engage in substantial discovery, which, following extensions, originally ran from September 22, 1987 through April 1, 1988. Spalding, on April 29, 1988, filed a motion for *partial* summary judgment. In response, the defendant filed its own cross motion for full summary judgment on June 29, 1988. Prior to acting on either motion, the court urged the parties to make a more substantial effort towards settlement. Consequently, on December 15, 1988, Spalding was directed to furnish the defendant with a detailed written offer to ensure that the matter would receive official review from the defendant. On January 13, 1989, Spalding, in compliance with our suggestion, sent a written settlement offer to the defendant for consideration. Among other things, that offer stated that "alternative methods of computing Spalding's losses ... based upon replacement cost value would be substantially higher" than losses allegedly due under the theory of damages outlined in its March 10, 1987 complaint. Afterwards, the parties engaged in further discussions, but they were ultimately unable to agree upon a figure

for settlement, and this litigation continued.

On July 26, 1989, the parties advised the court that they were willing to suspend decision on their respective cross motions for judgment in order to pursue a short evidentiary trial. We were informed that the parties believed that evidence adduced at such a hearing would facilitate a dispositive ruling on these cross motions, or in the alternative, that these cross motions could then be very easily converted into trial briefs. Action was therefore suspended on the cross motions with the intention that a short trial would be held as soon as possible. On July 2, 1990, the court set the pre-trial schedule. The parties were allowed to conduct additional discovery through February 1, 1991, and trial was set to commence in Portland, Oregon on March 26, 1991.

Eight months after the court set the pretrial schedule, on March 1, 1991, Spalding filed the subject motion for leave to file an amended complaint. Therein, Spalding sought to amend the complaint to support a request for damages in the principal amount of $250,000, rather than the $196,-603.55 contained in its original complaint. Stated simply, the original $196,603.55 figure was premised on Spalding's alleged right to recover an amount equal to the difference between the price it received for the damaged trees on the resale with the BLM and the higher price that the BLM later obtained when it sold that same timber to another contractor. However, under the damage replacement cost theory espoused in its motion for leave to amend the complaint, Spalding alleges that it would be entitled to recover at least $250,000. That figure is equal to the additional amount that Spalding says it would have been required to pay on the open market to obtain similar timber to replace that timber that was lost by virtue of the August, 1978 forest fire.

As a basis for its motion to amend the complaint, Spalding contends that the proposed modifications reflect facts contained either in the parties' joint stipulation of fact, or facts that were already known by

the defendant. In this respect, Spalding states that the facts which would be adduced in support of its new damage theory came to light during the course of discovery, and that these facts, along with its intent to use these facts in support of its replacement theory of damage, were previously communicated to the defendant by the aforementioned January 13, 1989 letter. Thus, Spalding concludes that these changes would not have any fundamental impact on the positions taken by either party, that they would not impose a significant additional burden on the defendant, and that the defendant, therefore, would not be prejudiced in any meaningful respect.

DISCUSSION

█ Pleading amendments to a complaint are governed by RUSCC 15(a), which states in pertinent part as follows:

> A party may amend ... once as a matter of course at any time before a response is served or, if the response is one to which no further pleading is permitted and the action has not been scheduled for trial, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend ... only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....*

(emphasis added).

Here, the defendant has vigorously withheld its consent to the requested amendment. Thus, Spalding may be permitted to amend its complaint only by leave of court, and then only if justice so requires. It is black letter law that the decision to allow amendments is within the sound discretion of the trial court. *Hays v. United States,* 16 Cl.Ct. 770, 771 (1989) (citations omitted). As RUSCC 15(a) recognizes, motions to amend should, as a general matter, be granted freely, but it is equally clear that the court may, in the exercise of its discretion, deny such motions for any one of several reasons. Commonly identified grounds for denial include "undue delay, bad faith, dilatory motive, ... repeated failures to cure deficiencies, ... or undue prej-

udice to the opposing party." *Hays,* 16 Cl.Ct. at 772 (citation omitted). The existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under such circumstances. The record in this case clearly shows that the interests of justice do not support an amendment. Spalding was untimely in filing its motion to amend, and it is highly probable that an amendment at this late stage would unfairly prejudice the defendant.

To begin with, there is absolutely no question that Spalding was extremely dilatory in submitting its motion to amend. Its original complaint was filed on March 10, 1987, nearly nine years after the events that led it to seek relief. As the defendant has correctly pointed out, the replacement damage calculation theory should have been plainly obvious to Spalding at the time of the alleged injury, and that it should have been pled along with the actual damage theory from the very beginning. At the very least, Spalding should have added that theory early on in these proceedings, and it has failed to provide a plausible explanation for its failure to do so. Even if that theory was not readily apparent in the early stages of this case, Spalding should have moved to amend its complaint immediately after the substantial discovery that it had in this case. Spalding was allowed to engage in seven months of unlimited discovery from September 22, 1987 through April 1, 1988, a period that certainly should have disclosed any additional facts necessary to support a replacement theory claim for damages. In this context, Spalding has candidly conceded that it has been contemplating adding the replacement theory of damages to its complaint since at least January 13, 1989. Nevertheless, Spalding did not move to add that theory to its complaint for two more years. Again, it has failed to provide a satisfactory explanation for this delay. "[W]here, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and de-

lay'...." *Hays*, 16 Cl.Ct. at 772 (citation omitted).

There can be no question that an amendment now would work substantial prejudice on the defendant. This is so because on the eve of trial, it has premised the preparation of its defense on the theories and facts pled in the *original complaint*. An amended complaint at such a late date would, we believe, require the defendant to substantially restructure its defense, which would impose a grievous burden at this stage of the litigation, necessitating, at the very minimum, additional discovery (*i.e.*, interrogatories and deposition(s)). Such a circumstance would, of course, require a postponement of the trial and the resolution of plaintiff's complaint for at least one more year, due to this court's previously-scheduled commitments.

■ Spalding claims that there will be no prejudice because the defendant has been aware that it (plaintiff) intended to add the replacement theory to the complaint. We disagree. First, the only mention of the replacement theory is buried in Spalding's January 13, 1989 settlement offer, and we do not think that this one oblique reference was sufficient to put the defendant on notice of its intent to subsequently move to amend the complaint to include that theory. Secondly, Spalding did not press the matter after that solitary 1989 statement, and we do not think it is reasonable to assume that the defendant took this theory into account while preparing its case. Thirdly, even if the defendant had more than passing knowledge that Spalding thought that it

*might* be entitled to recover replacement damages as of January 13, 1989, there is no evidence that the matter was ever discussed seriously by the parties. Thus, against this background, it would have been reasonable for the defendant to conclude that this theory had been abandoned, and that Spalding simply intended to proceed only on the facts and theories pled in the original complaint. Consequently, given the foregoing, we are compelled to find that the defendant was not aware that Spalding intended to add a new, alternative damages theory, and that it would be substantially prejudiced if we were to permit Spalding to amend its complaint and add that alternative theory on the eve of a trial on the merits (*i.e.*, March 26, 1991).

## CONCLUSION

Spalding filed its motion to amend in an untimely fashion, and, by virtue of that fact, the defendant would be unduly and substantially prejudiced by any such amendment. Under these circumstances, we hold that the interests of justice do not warrant allowance of the filing of an amendment. Therefore, Spalding's motion for leave to amend its complaint pursuant to RUSCC 15(a) is hereby DENIED.

IT IS SO ORDERED.