**ST. PAUL FIRE AND MARINE INSURANCE COMPANY and U.S. Roofing, Inc., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 458–89C, 475–89C.**

United States Claims Court.

Nov. 21, 1991.

Ronald E. Martell, St. Paul, Minn., attorney of record, for plaintiff St. Paul Fire and Marine Ins. Co.

William L. Bruckner, San Diego, Cal., attorney of record, for plaintiff U.S. Roofing, Inc.

Odessa P. Jackson, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This contract case is before the court on Plaintiff's Motion For Leave To File Its Second Amended Complaint pursuant to RUSCC 15. The record shows, with respect thereto, that co-plaintiff/movant, St. Paul Fire and Marine Insurance Company (St. Paul), surety for the performance of the contract between U.S. Roofing and the Department of the Army, filed its *original* complaint on August 24, 1989. Said complaint challenged the propriety of the United States' default termination and sought to recover the excess costs it incurred in taking over the contract work. On October 23, 1989, the defendant filed its answer to plaintiff's original complaint.

Subsequent to the filing of that complaint, and while said complaint was pending here, St. Paul filed a written claim, dated July 10, 1990, with the contracting officer requesting specific monetary relief for damages incurred by St. Paul with regard to the government's wrongful termination of the contract. According to St. Paul, the claim was constructively denied pursuant to 41 U.S.C. § 605(c)(5) inasmuch as the government failed to issue a decision within 60 days of receipt of the claim or notify St. Paul of the time in which it would render its decision. Almost a year later, St. Paul filed a second claim (amended claim) with the contracting officer, on May 3, 1991, seeking the same relief requested in the July 10, 1990 claim, with the exception of an additional claim for damages incurred by St. Paul from the time of the first claim to the present.

On June 3, 1991, prior to any denial of the amended claim, constructive or otherwise, St. Paul filed a motion for leave to amend its first amended complaint to reflect the filing of the two claim letters and the constructive denial of the first claim. This complaint was filed on June 28, 1991. St. Paul also notified the court of its intention to file a second amended complaint if the government failed to act on the amended claim or denied the same within 60 days of receipt of the amended claim. After careful consideration, this court granted St. Paul's motion to amend its original complaint, despite the government's opposition thereto. Consequently, St. Paul filed its first amended complaint on June 28, 1991, and the Government answered on July 9, 1991.

Presently pending for consideration is St. Paul's August 13, 1991 motion to amend its complaint for a *second time* in order to include the amended claim of May 3, 1991, which it contends has been constructively denied by the government under 41 U.S.C. § 605(c)(5). Defendant has filed memoranda in opposition to St. Paul's motion to file a second amended complaint. Essentially, defendant contends, *inter alia,* that plaintiff's motion to file a second amended complaint should be denied because it is "futile" in light of the fact that defendant has previously filed a dispositive motion relating to St. Paul's alleged cause of action.[1]

---

1. On July 25, 1990, defendant filed a motion to   dismiss St. Paul's complaint for lack of subject

Plaintiff, on the other hand, states that its second amended complaint is identical to the first amended complaint except for the fact that it specifically alleges the constructive denial of the May 3, 1991 amended claim letter. Accordingly, plaintiff contends that the defendant will not suffer any prejudice by the filing of this motion because it "merely specifies the exact amount of relief that the Government is contractually committed to pay St. Paul should this court find that the Contract was improperly terminated for default."

*Discussion*

■ Having previously granted plaintiff's motion for leave of court to file a first amended complaint, we now address plaintiff's second motion to amend its complaint, which is identical to the first amended complaint, but for an additional claim for damages by St. Paul incurred up to the present time. After a thorough review of the facts and issues at hand, RUSCC 15(a) and related case law compel this court to conclude that said motion must be granted because (i) defendant will not be prejudiced by the filing; and (ii) the amended complaint clearly is not "futile."

Our threshold question is, of course, one of interpretation of RUSCC 15(a), which governs the filing of out-of-time amendments. RUSCC 15(a) states in pertinent parts as follows:

A party may amend [its] pleadings once as a matter of course at any time before a response is served or ... within 20 days after it is served. Otherwise, a party may amend [its] pleadings only by leave of court ... *and leave shall be freely given when justice so requires* ...

(Emphasis added). Because RUSCC 15(a) mirrors, in all material respects, Federal Rule of Civil Procedure 15(a), general federal case law is highly persuasive on the issues presently before this court. In particular, this court, as it has previously done in its decisions in *Effingham County Board of Education v. United States*, 9 Cl.Ct. 177 (1985), and *State of Alaska v. United States*, 15 Cl.Ct. 276 (1988), will focus on the following operative language set forth in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—*the leave sought should, as the rules require, be "freely given."* Of course, the grant or denial of the opportunity to amend is within the discretion of the ... Court, *but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.*

(Emphasis added).

■ Given this background and the nature of the litany of suggestive circumstances which would justify the denial of a motion to amend, this court will deny a motion to amend the complaint, even if multiple, only for substantial and legally sufficient reasons. In other words, "whatever the reason—it must be explicitly indicated," because "to deny an amendment for lesser reasons" would constitute an abuse of discretion. *Effingham*, 9 Cl.Ct. at 180. In accordance with this principle, it is clear that the burden on the non-movant justifying a denial of an amendment requires that "the party must demonstrate that it will be severely disadvantaged or incapable of presenting facts or evidence" with regard to the issues at hand. *State of Alaska*, 15 Cl.Ct. at 279. Additionally, it must also be shown by the non-movant that "prejudicial consequences also may arise if

matter jurisdiction. By order of March 4, 1991, this court stayed ruling upon defendant's motion to dismiss until such time as defendant filed its motion for summary judgment. Defendant notified the court in a status report dated July 31, 1991, that it will not file a motion for summary judgment "at this time." In addition, by order of June 28, 1991, the defendant filed a supplemental motion to dismiss on July 31, 1991. Given the foregoing, the court's order staying a ruling on defendant's motion to dismiss is hereby vacated.

the party proposing the amendment introduces new legal theories which require the non-movant to conduct extensive research shortly *before* trial." *State of Alaska*, 15 Cl.Ct. at 279–280 (emphasis in original). *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986). More importantly, however, if the non-movant is unable to make a firm "showing of undue or substantial prejudice," as a matter of law, the amendment must be allowed. *State of Alaska*, 15 Cl.Ct. at 280.

On the facts of the case at bar, it is quite clear that the United States will not be "unduly burdened or substantially prejudiced" if St. Paul is permitted to amend its complaint for a second time. In fact, the government has even chosen not to assert such a defense in its response to plaintiff's motion to amend. It is, therefore, highly unlikely that any foreseeable significant prejudice will inure to the defendant because of the plaintiff's filing of a second amended complaint. Accordingly, we are constrained to conclude that proof of this element is wanting.

As to the other factors noted in *Foman*, particularly that of "futility," as proffered by the defendant in opposition, we find the facts not sufficiently persuasive to satisfy the requirements of this defense. Specifically, "where 'futility,' is proposed as a basis for denying amending a complaint, courts will discern whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior complaint." *Johnson*, 785 F.2d at 510. There is no clear evidence here, nor has the defendant alleged that the plaintiff's complaint is "frivolous and insufficient" on its face or that the issues have been adequately addressed previously. In addition, we find defendant's argument with respect to the alleged "futility" of plaintiff's motion to be unconvincing, in that it is based solely on the fact that the defendant has previously filed a dispositive motion relating to St. Paul's alleged cause of action against the defendant. In fact, while we do not intimate at this posture the correctness of plaintiff's jurisdictional argument, we nevertheless acknowledge that it is not parochial or futile and therefore it entitled to our attention. Neither this court nor any persuasive authority has defined "futility" in the context of denying a motion to amend, as mirroring a factual scenario similar to the one at bar. That is to say, the fact that a dispositive motion is pending in a case does not prove that a motion to amend a complaint is "futile." In fact, in *Effingham*, this court granted a motion to file a *second* amended complaint in circumstances somewhat similar to those herein. Consequently, we find defendant's assertion of "futility" as the basis for denying said motion to be misplaced. Besides, "justification for allowance of the amended complaint can be said to stem from the common practice of allowing amendments, as here [and in the case at bar], when parties increase the amount of damages initially sought." *State of Alaska*, 15 Cl.Ct. at 281.

*Conclusion*

Given the foregoing reasons, we are compelled to conclude—(i) that the defendant will not be prejudiced by the filing of a *second* amended complaint; and (ii) that the amended complaint is not "futile." Accordingly, Plaintiff's Motion For Leave To File Its Second Amended Complaint is hereby GRANTED.

IT IS SO ORDERED.