**Sig and Barbara SHORE, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 580–89T.**

United States Claims Court.

July 24, 1992.

---

Albert B. Ellentuck, Washington, D.C., attorney of record, for plaintiffs.

Bartholomew Cirenza, Washington, D.C., with whom was Acting Asst. Atty. Gen., James A. Bruton, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This tax refund case is before the court on the plaintiffs' motion for leave to amend its answer to defendant's counterclaim pursuant to RUSCC 15(a). Defendant contends that the Claims Court lacks jurisdiction to consider plaintiffs' third affirmative defense, because of the doctrine of substantial variance. For the reasons expressed below, we find that the defendant's objections to plaintiffs' motion are without merit, and accordingly, the motion for leave to amend is granted.

## BACKGROUND

Plaintiffs filed a tax refund suit against the government for taxes assessed for taxable years 1974 and 1975. Subsequently, the government filed a counterclaim against the plaintiffs for interest and penalties due.

On February 27, 1991, the parties filed a "Stipulation as to Interest and Penalties," which in essence stated that liability for the interest and penalties depended on the court's decision as to whether the plaintiffs owed taxes for the years in question. However, in the plaintiffs' answer to defendant's counterclaim, they assert three affirmative defenses. Among these defenses was the contention that Barbara Shore is not liable for either the penalties or the interest because of the "innocent spouse" rule. Defendant claims, on the other hand, that this statement directly contradicts the parties' stipulations.

Given the foregoing, defendant informed the plaintiffs of the inconsistency and requested that they withdraw their third affirmative defense. Plaintiffs refused to withdraw the defense and brought this motion for leave to amend their answer to defendant's counterclaim.[1] Defendant asserts that the Claims Court cannot grant leave to amend the third affirmative de-

fense because it has no jurisdiction over that portion of the answer. The doctrine of substantial variance, defendant argues, deprives the court of jurisdiction.

## DISCUSSION

RUSCC 15(a) provides in pertinent part that:

> A party may amend [his] pleadings once as matter of course at any time before a response is served.... Otherwise a party may amend [his] pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires....*

(emphasis added). Courts have generally given wide discretion to parties seeking to amend their pleadings. *See Black v. United States,* 24 Cl.Ct. 471, 475 (1991); *Effingham County Bd. of Educ. v. United States,* 9 Cl.Ct. 177, 180 (1985). The United States Supreme Court interpreted the language of Rule 15[2] in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—*the leave sought should, as the rules require, be "freely given."* ...

371 U.S. at 182, 83 S.Ct. at 230 (emphasis added). The Supreme Court's approach in *Foman* suggests that it is an abuse of discretion to deny amendment for lesser reasons. *Black,* 24 Cl.Ct. at 475; *Effingham County Bd. of Educ. v. United States,* 9 Cl.Ct. 177, 180 (1985).

Defendant suggests that the court does not have subject matter jurisdiction over the third affirmative defense offered by

---

1. Plaintiffs maintain that their amendment to their answer involves no substantive changes, only clarifications of their position. The portion of the amended answer that the defendant contests states that Barbara Shore is not liable for any of the taxes under the innocent spouse

rule of section 6013(e)(1) of the Internal Revenue Code.

2. The language of Rule 15 of the Federal Rules of Civil Procedure closely mirrors that of RUSCC 15.

the plaintiffs because of the doctrine of substantial variance, and consequently has no choice but to dismiss the defense. It concedes that the other portions of the answer can be freely amended.

In order to maintain a tax refund action in the Claims Court, plaintiffs must, of course, comply with section 7422(a) of the Internal Revenue Code, which states that, "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary...." 26 U.S.C. sec. 7422(a).

■ From the doctrine of substantial variance emerges the rule that the Claims Court lacks subject matter jurisdiction over a ground for recovery which was not adequately raised in the claim for a refund. *Brookes v. United States*, 20 Cl.Ct. 733, 738 (1990). To have jurisdiction over the claim, therefore, the IRS must have been given "adequate notice ... of the nature of the claim and the specific facts upon which it is predicated." *Rowe v. United States*, 228 Ct.Cl. 269, 279, 655 F.2d 1065 (1981).

Treasury regulations further provide that the refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas.Reg. sec. 301.6402–2(b)(1). When read together, the Code and the Regulations preclude a taxpayer-plaintiff from substantially varying the factual basis of its arguments from its arguments raised in the initial refund claims to the IRS. *Ottawa Silica Company v. United States*, 699 F.2d 1124, 1138 (Fed.Cir.1983).

The primary policies behind the doctrine of variance are twofold. First, it works to prevent surprise and to give the IRS adequate notice of the bases of the plaintiff's claims. Second, it gives the Commissioner the opportunity to correct errors and to limit the scope of issues at trial. *Id.; Union Pac. R.R. v. United States*, 182 Ct.Cl. 103, 108, 389 F.2d 437 (1968). The doctrine

is primarily concerned with the prevention of taxpayer-plaintiff's "lying in the weeds" with an alternate claim or alternate factual basis for a claim, and then bringing it before the court and on the unsuspecting defendant.

When the above policies would not be furthered, the court has not invoked the variance doctrine. Various exceptions to the rule have been carved out. The Claims Court has refused to invoke the variance doctrine when the IRS has had notice of the different grounds asserted. *See Deluxe Check Printers, Inc. v. United States*, 15 Cl.Ct. 175 (1988) (J. Gibson) (holding that the IRS has notice of plaintiff's alternate ground of recovery because it had considered and evaluated the applicability of the Code provision under which the plaintiff sought recovery). Furthermore, this court refused to apply the doctrine of variance in *Dillon, Read & Co., Inc. v. United States*, 15 Cl.Ct. 246 (1988), to the plaintiff's alternative grounds of recovery because the factual bases of the alternative ground were substantially similar, and the same section of the Code was involved. *Id.* at 252.

In the case at bar, we are faced with a substantial variance argument offered by the defendant against the plaintiffs' amendment of their answer to defendant's counterclaim. Defendant claims that to allow plaintiff Barbara Shore to use the "innocent spouse" defense (under 26 U.S.C. sec. 6013(e)(1)) would violate the variance doctrine because the proving (or disproving) of this defense requires an investigation of facts beyond those that were set forth in the plaintiffs' original claims.

We see no rational reason to extend the doctrine of substantial variance to apply to the plaintiffs' answer to defendant's counterclaim.[3] It would be against both the Rules of the U.S. Claims Court and common sense to do so. A plaintiff must be able to respond to a counterclaim by the IRS with any defense it has available. It

**3.** The cases cited by the defendant apply the doctrine of substantial variance only to differing claims or arguments. None of these cases convince us that the doctrine of substantial variance should be applied to a plaintiff who seeks to amend an answer to a counterclaim asserted by the defendant.

should not be locked into a set of facts and/or theories set forth in its initial pleadings. Counterclaims often bring in additional facts not relevant to a plaintiff's initial claim. To deny a plaintiff the ability to amend its answer in such cases would prevent allegiance to the mandate of RUSCC 15 ("... and leave shall be freely given when justice so requires"). The policies of the doctrine of substantial variance are still preserved by our ruling. Defendant cannot claim to have been the victim of the plaintiffs' surprise usage of the innocent spouse defense because it was the defendant itself that brought the counterclaim for interest and penalties. Furthermore, by counterclaiming, the defendant, not the plaintiffs, placed the "fault" of Sig and/or Barbara Shore at issue, and consequently, plaintiffs should be permitted to contest whether they *both* are at fault. Finally, the defendant argues that granting the plaintiffs' motion would be unfair because the IRS had not been given the opportunity to conduct an investigation into the factual basis of Barbara Shore's innocent spouse defense. This argument is invalid because it was the counterclaim of the defendant which created the need for an investigation into this defense. In essence, the defendant created whatever "substantial variance" from the initial claims that it seeks to prevent. Accordingly, we find that the defendant's arguments are without merit.

For the reasons expressed above, we grant plaintiffs' motion for leave to amend its answer to defendant's counterclaim.

IT IS SO ORDERED.