# In the United States Court of Federal Claims

|  |  |
|---|---|
| CHRISTOPHER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 25-2064 |
| v. | ) (Filed: March 25, 2026) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Christopher Williams, pro se, Salters, SC.

Corinne A. Niosi, U.S. Department of Justice, Washington, DC, with whom were Patricia M. McCarthy and Brett A. Shumate, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Before the Court is pro se Plaintiff Christopher Williams' Motion to Correct Complaint. Mot. to Correct Compl., Dkt. No. 12.[1] This Motion comes after the Court sua sponte dismissed Mr. Williams' Complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). Op., Dkt. No. 9; Williams v. United States, No. 25-2064, 2026 WL 64092 (Fed. Cl. Jan. 8, 2026). The Court dismissed Mr. Williams' Complaint because the United States Court of Federal Claims lacks jurisdiction over claims alleging violations of civil rights brought under 42 U.S.C. § 1983. Williams, 2026 WL 64092, at *2 (citing Elkins v. United States, 229 Ct. Cl. 607, 608 (1981)).

In the present motion, Mr. Williams now claims he mistakenly brought his claim under § 1983 and his Complaint should have been construed as a Bivens claim. Mot. to Correct Compl. at 1–2; see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). At this stage, RCFC 15(a)(2) allows a party to amend its own pleading "only with the opposing party's written consent or the court's leave" and provides that "[t]he court should freely give leave when justice so requires." Factors that may justify the denial of a motion to amend pleadings include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403–04 (Fed. Cir. 1989) (alteration in original)

---

[1] Mr. Williams filed what appears to be the same motion twice. Compare Mot. to Correct Compl., Dkt. No. 12, with Mot. to Correct Compl., Dkt. No. 13. Because the motions are identical, the Court discusses them as if Mr. Williams filed only one motion.

(quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). "The existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under such circumstances." <u>Spalding & Son, Inc. v. United States</u>, 22 Cl. Ct. 678, 680 (1991).

Mr. Williams' Motion to Correct Complaint is futile because it would not cure the Complaint's jurisdictional defect. <u>See</u> <u>Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.</u>, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006) (finding a motion to amend futile because the amended pleading could not "survive a dispositive pretrial motion"). As with § 1983 claims, the United States Court of Federal Claims lacks subject-matter jurisdiction over <u>Bivens</u> suits. <u>Brown v. United States</u>, 105 F.3d 621, 624 (Fed. Cir. 1997). For that reason, the Motion to Correct Complaint must be denied.

Alternatively, the instant motion could be construed as either a motion for reconsideration or a motion for relief from judgment. In his motion, Mr. Williams cited Rule 58(d)—which provides that "[a] party may request that judgment be set out in a separate document" and apparently does not apply to the instant motion—but may have intended to cite RCFC 59(a)(a) or RCFC 60(b). Mot. to Correct Compl. at 2; <u>see also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972) (holding that pro se complaints should be held "to less stringent standards than formal pleadings drafted by lawyers"). Under RCFC 59(a)(1), motions for reconsideration may be granted "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." <u>Biery v. United States</u>, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting <u>Young v. United States</u>, 94 Fed. Cl. 671, 674 (2010)). Under RCFC 60(b), relief may be granted for any of six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions brought under these rules must be supported by a showing of "extraordinary circumstances." <u>Caldwell v. United States</u>, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting <u>Fru-Con Constr. Corp. v. United States</u>, 44 Fed. Cl. 298, 300 (1999)) (discussing RCFC 59(a)); <u>Perry v. United States</u>, 558 Fed. App'x 1004, 1006 (Fed. Cir. 2014) (quoting <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 864 (1988)) (discussing (RCFC 60(b)).

2

None of the grounds for relief or reconsideration are met here. It is well settled and beyond dispute that this court lacks subject-matter jurisdiction over both § 1983 claims and Bivens suits. There has been no change in the law, newly discovered evidence, or clear legal error that merits vacating the dismissal of Mr. Williams' claim. Nor has Mr. Williams demonstrated extraordinary circumstances that justify relief.

For the foregoing reasons, Mr. Williams' Motion to Correct Complaint, Dkt. Nos. 12, 13, is **DENIED**.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge