**SIEMENS AKTIENGESELLSCHAFT, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 416–89C.**

United States Claims Court.

June 16, 1992.

---

Steven H. Noll, with whom was John D. Simpson, Chicago, Ill., for plaintiff.

Robert G. Hilton, Washington, D.C., with whom were Vito J. DiPietro, Director, and Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice.

## ORDER

SMITH, Chief Judge.

After careful consideration of the briefs submitted by the parties, the court hereby GRANTS defendant's Motion To Amend Its Answer Under RUSCC 15(a).

■ RUSCC 15(a), which governs the filing of untimely amendments to pleadings, sets forth a permissive standard in regard to the granting of amendments:

A party *may* amend his pleadings once as a matter of course at any time before a response is served.... Otherwise a party *may amend* his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*

RUSCC 15(a) (emphasis added). The Supreme Court has interpreted Rule 15(a)[1] liberally:

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citations omitted). In deciding how to rule on a motion to amend, then, the court must consider the presence of the following factors: undue delay, bad faith or dilatory motive on the part of the movant, futility of the proposed amendment, and undue prejudice to the opposing party. *See Poling v. Morgan,* 829 F.2d 882, 886 (9th Cir.1987). In applying this permissive standard for amending a pleading, the Supreme Court has placed a particular emphasis on the element of prejudice to the opposing party. *See United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 17, 5 L.Ed.2d 8 (1960) ("Rule 15 of the Federal Rules of Civil Procedure ... was designed to facilitate the amendment of pleadings except where

prejudice to the opposing party would result."); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 (1991) ("If no prejudice is found, then leave normally will be granted.").

■ After examining both the nature and the timing of the proposed amendment, the court is unable to find that any of the factors enunciated above, including undue prejudice to plaintiff, will result if defendant's motion is granted. In its motion, defendant seeks to amend its answer in order to institute defenses not previously raised.[2] Courts construing F.R.Civ.P. 15(a) have recognized the appropriateness of amending an answer to raise additional defenses. *See, e.g., Estes v. Kentucky Utils. Co.,* 636 F.2d 1131 (6th Cir.1980). It is also significant that the defenses defendant seeks to interject here (1) are unrelated to those dealt with in plaintiff's March 20, 1991 Partial Motion for Summary Judgment and (2) are the product of ongoing discovery. *See E.E.O.C. v. Bermuda Star Line, Inc.,* 744 F.Supp. 1109, 1113 (M.D.Fla.1990) (court allowing defendant to raise new defense because facts supporting it had only been recently discovered). The court thus cannot find that granting the amendment will have the effect of *unduly* increasing discovery or delaying disposition of the case. The fact that the basis for the new defenses arose during the course of ongoing discovery also precludes a finding that the amendment was asserted in bad faith.

The timing of defendant's motion also does not preclude the court from granting it. In regard to motions to amend filed after a summary judgment motion has been entertained, courts generally have allowed such amendments, even where the summary judgment motion has been decided and is dispositive. The only limitation put on such proposed amendments is that

---

**1.** The Claims Court rule mirrors FED.R.CIV.P. 15(a) in both language and substance. *See Effingham County Bd. of Educ. v. United States,* 9 Cl.Ct. 177, 179–80 (1985).

**2.** Defendant seeks to raise a jurisdictional defense under § 1498(a) and substantive defenses based on laches, estoppel, license and implied

license, and shop right. Plaintiff's partial motion for summary judgment considered the merits of defendant's suppression and concealment defense under 35 U.S.C. § 102(g) and defendant's sale or offer for sale defense under 35 U.S.C. § 102(b).

they may not state a legal theory that was already considered on the merits in the prior summary judgment motion. *See Adams v. Gould, Inc.*, 739 F.2d 858, 869 (3d Cir.1984); *Triplett v. LeFlore County*, 712 F.2d 444 (10th Cir.1983); *United States v. Vorachek*, 563 F.2d 884 (8th Cir.1977). In this case, plaintiff's summary judgment motion was merely a partial motion relating to two previously asserted defenses. The proposed amendment raises defenses independent of those considered in that motion. Moreover, although the court made a preliminary indication of its decision in regard to that motion, the court has not issued an order officially ruling on the merits. Under these circumstances, the timing of defendant's motion is not prejudicial to plaintiff. *See Poling v. Morgan*, 829 F.2d at 886–87 (allowing motion to amend after grant of motion for partial summary judgment).

Finally, the court cannot at this juncture definitively rule that the defenses asserted in defendant's amendment are futile. Viewing the allegations supporting the new defenses as true, as it must, *see Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir.1985), the court cannot find the amendment futile without further briefing and argument.

Based on the foregoing, the court must grant defendant's Motion To Amend Its Answer Under RUSCC 15(a).

IT IS SO ORDERED.