**Brian Andr'e WARREN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–482C.**

United States Court of Federal Claims.

Nov. 30, 2006.

Brian Andr'e Warren, Detroit, Michigan, pro se.

Joan Margaret Stentiford, United States Department of Justice, Civil Division, counsel for Defendant.

**MEMORANDUM OPINION AND FINAL JUDGMENT**

BRADEN, Judge.

## I. RELEVANT FACTS.[1]

Plaintiff enlisted in the United States Army on July 8, 1986. *See* PX 2. After serving in Germany, Plaintiff was transferred to Fort Stewart, Georgia. *Id.* On February 16, 1990, Plaintiff went absent, without leave ("AWOL") from his unit at Fort Stewart for one year and seven months. *See* PX 1.

On September 13, 1991, Plaintiff returned to Fort Stewart, where court-martial charges were initiated. In response, Plaintiff filed a request for discharge, pursuant to Army Regulation ("Army Reg.") 635–200, Chapter 10.[2] *See* PX 2. On November 18, 1991, Plaintiff was discharged from the Army with an Other Than Honorable Discharge. *Id.*

## II. PROCEDURAL HISTORY.

On June 26, 2006, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims alleging entitlement to "money in the form of pay that Plaintiff would have received but for [his] unlawful discharge, pursuant to the Military Pay Act, 37 U.S.C.A., Sec. 204." Compl. at ¶ 5. The Complaint also requests "an Order for the Defendant to pay this Plaintiff money from January 29, 1990—to the date of issuance of a procedurally valid discharge under Honorable Conditions, with an annual pay total amount that includes interest of not less than, $35,000.00[.]" *Id.* at ¶ 20.

On July 18, 2006, Plaintiff filed a Motion for Permanent Injunction Against the United States and the State of Michigan. On July 19, 2006, the Plaintiff filed a Notice of Subject Matter Jurisdiction ("Pl.Notice") in support of the June 26, 2006 Complaint.

On August 22, 2006, the Government filed a Motion to Dismiss. On September 22, 2006, Plaintiff filed a Response and Motion

for Judgment on the Pleadings ("Pl.Mot."). On October 16, 2006, the Government filed a Response. On November 15, 2006, the Government filed, by leave, a Response to Plaintiff's July 18, 2006 Motion for Permanent Injunction.

## III. DISCUSSION.

### A. Jurisdiction.

The Tucker Act authorizes the United States Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is merely "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages ... the Act merely confers jurisdiction upon it whenever the substantive right exists." *U.S. v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]").

Additionally, "[e]very claim of which the United States Court of Federal Claims has

---

**1.** The relevant facts recited herein were derived from: Plaintiff's June 26, 2006 Complaint ("Compl.") and exhibits attached thereto ("PX 1–2"); and defendant ("Government")'s August 22, 2006 Motion to Dismiss ("Gov't Mot.") and exhibit attached thereto ("DX A").

**2.** Army Reg. 635–200, ¶¶ 10–1–10–2 provides that: A soldier may request discharge for the good of the service when he or she has committed an offense for which the punishment, under the Uniform Code of Military Justice, is a bad conduct or dishonorable discharge. In submitting

the request, the soldier must certify that he or she has been counseled by a lawyer and he or she understands: (1) his or her rights; (2) that he or she may receive a discharge under Other Than Honorable conditions; (3) the adverse nature of the discharge and the possible consequences; (4) the charged offenses; and (5) that he or she is guilty of the charged offense or a lesser offense that also authorized the imposition of a punitive discharge. *See* Army Reg. 635–200, ¶¶ 10–1–10–2.

jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." *See* 28 U.S.C. § 2501. A cause of action accrues, when a plaintiff is "armed with the facts about the harm done to him." *United States v. Kubrick,* 444 U.S. 111, 123, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). In military separation cases, the six-year statute of limitations begins to run when the individual is discharged from the military, *i.e.,* when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue ... for his money." *See Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) (*en banc*) (internal quotations omitted).

### B. *Pro Se* Pleading Requirements.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of the litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (internal quotations omitted)). Indeed, it has been the tradition of the court to examine the record "to see if [a *pro se* ] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [the complaint's] failures." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995).

### C. Standard For Motion to Dismiss— RCFC 12(b)(1).

A dispute as to the court's "general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option

of the pleader be made by motion: (1) lack of jurisdiction over the subject matter [.]").

In determining whether to grant a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke,* 60 F.3d at 797. The plaintiff, however, bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question it [is] incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction.").

### D. Resolution Of The Parties' Cross– Motions.

■ The Government asserts that the statute of limitations deprives the court of jurisdiction to adjudicate Plaintiff's claim, because it accrued on November 18, 1991, the date that Plaintiff was discharged from the military and "was aware of any alleged harm he suffered." Gov't Mot. at 6.

Plaintiff counters that the statute of limitations is inapplicable, because he retained "active duty status," under Section § 972(a), that provides:

An enlisted member of an armed force who-

\* \* \*

(2) is absent from his organization, station, or duty for more than one day without proper authority, as determined by competent authority;

\* \* \*

is liable, after his return to full duty, to serve for a period that, when added to the period he served before his absence from duty, amounts to the term for which he was enlisted or inducted.

10 U.S.C. § 972(a); *see also* Pl. Notice at ¶¶ 1–4.

Section 972(a), however, does not require Plaintiff to make up lost service time, resulting from absence, before Plaintiff may be discharged from the Army. *See* 10 U.S.C.

§ 972(a). Pursuant to 10 U.S.C. § 1169, enlisted service members may be discharged before a term of service expires, as prescribed by the Secretary of the Army ("Secretary"). *See* 10 U.S.C. § 1169.[3] Through Army Reg. 635–200, Chapter 10, the Secretary has established that enlisted service members, who have committed an offense for which the penalty is a bad conduct or dishonorable discharge, can be discharged for the good of the service, upon request, before their service term expires. *See* Army Reg. 635–200, Chapter 10.

In this case, Plaintiff was discharged, pursuant to Army Reg. 635–200, Chapter 10, prior to the expiration of his term. *See* PX 2. Therefore, on November 18, 1991, Plaintiff was no longer on active duty. *Id.* For this reason, the statute of limitations began to run on November 18, 1991. Consequently, any challenge to Plaintiff's discharge, based on the Military Pay Act, 37 U.S.C. § 204, must have been filed in this court no later than November 18, 1997.

Since that did not happen, the Complaint pleads, in the alternative, that the doctrine of equitable estoppel tolls the statute of limitations, because the discharge at issue is void due to procedural deficiencies. *See* Compl. at ¶¶ 2–3. Plaintiff argues that the court should invoke the doctrine of equitable tolling since Plaintiff was forced out of the military by a sergeant, because of Plaintiff's knowledge of "a murder that occurred in Germany by a fellow soldier ... [but, Plaintiff could not] come forward with the [h]eart to [c]hallenge this matter until now." Pl. Mot. at 1–3. The Complaint, however, fails to allege facts sufficient to support these contentions.

■ The United States Supreme Court has held that equitable tolling may be invoked "where the claimant has actively pursued ... judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into

allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (determining that the statute of limitations governing claims against the Government under Title VII of the Civil Rights Act of 1964 was not equitably tolled, where plaintiff failed to timely file because his lawyer was absent from his office at the time the EEOC notice was received). The United States Court of Appeals for the Federal Circuit, however, has declined to decide whether equitable tolling is available against the United States under 28 U.S.C. § 2501 (determining the statute of limitations for filing an action in the United States Court of Federal Claims). *See Martinez,* 333 F.3d at 1318 ("Because the matter is not free from doubt, we follow the same course here that we followed in *Frazer* [*v. United States,* 288 F.3d 1347, 1353 (Fed. Cir.2002)]: We decline to decide whether equitable tolling is generally available under section 2501[.]"); *see also Joseph v. United States,* 62 Fed.Cl. 415, 417 (2004) ("the Federal Circuit has yet to rule whether equitable tolling is available under § 2501.").

The only federal appellate court to address whether duress is grounds for invoking equitable tolling, in an action against the Government, is the United States Court of Appeals for the First Circuit. *See Rakes v. United States,* 442 F.3d 7, 26 (1st Cir.2006) (holding that plaintiff's Federal Tort Claims Act claims were not equitably tolled, because "[d]uress only makes sense as a response to a statute of limitations defense where the party asserting that defense is putatively responsible both for the original tort and for the plaintiff's continued fear of seeking redress.").

Assuming *arguendo* that duress may toll the statute of limitations under 28 U.S.C. § 2501, in this case, the Complaint has not demonstrated a sufficient factual basis for invoking that doctrine. Plaintiff made no attempt to report the alleged threat to military or civilian authorities at the time of the

---

**3.** Section 1169 provides:
No regular enlisted member of an armed force may be discharged before his term of service expires, except—
(1) as prescribed by the Secretary concerned;

(2) by sentence of a general or special court martial; or
(3) as otherwise provided by law.
10 U.S.C. § 1169.

alleged incident. Plaintiff fails to state why he has been under a continuing threat for the past fifteen years, partly since Plaintiff has not been subject to military control since his discharge in 1991. *See* PX 2. Accordingly, the court ascertains no basis for invoking the doctrine of equitable tolling in this case and has determined that Plaintiff's claim is barred by the statute of limitations. *See* 28 U.S.C. § 2501.

## IV. CONCLUSION.

For the aforementioned reasons, the Government's Motion to Dismiss is granted and the Plaintiff's Motion for Judgment on the Pleadings is denied. The Clerk of the United States Court of Federal Claims is directed to dismiss the Plaintiff's June 26, 2006 Complaint, with prejudice.

**IT IS SO ORDERED.**