Brian ENTENDENCIA, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–515C.

United States Court of Federal Claims.

March 19, 2007.

Brian Entendencia, Pro se, Honolulu, Hawaii.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice with whom were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Donald Kinner, Assistant Director; Lt. Col. Joseph Fetterman, United States Army Litigation Division, Military Personnel Branch; and Major Jerrett Dunlap, United States Army Litigation Division, Military Personnel Branch, Of Counsel, for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Plaintiff comes now before this Court challenging the decision of the Army Board for Correction of Military Records ("ABCMR") denying Plaintiff's request to have his December 29, 1975 discharge from the Army upgraded from desertion to honorable discharge. Plaintiff first requested a change to his discharge status in 1994, nearly twenty years after his discharge. Compl. at 3. The ABCMR denied Plaintiff's petition on June 22, 1994 finding his discharge appropriate.[1] Def. Mot. Dismiss at 2. Over ten years later, on August 14, 2005, Plaintiff filed another petition before the ABCMR challenging his status for a second time. *Id.* The ABCMR denied Plaintiff's request again, this time because Plaintiff had failed to file within the one year limitation period established by Army Regulation 15–185, ¶ 2–15(b) for filing for a reconsideration. Def. Mot. Dismiss at 2, Ex. A. Now, nearly thirty years after his discharge, Plaintiff brings his claim before this Court seeking relief pursuant to the Tucker Act, 28 U.S.C. § 1491, the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the Military Pay Act, 37 U.S.C. § 204.[2]

In his Complaint, Plaintiff contends that his due process rights under the Fifth and Sixth Amendments were infringed upon when the military did not provide him with a lawyer for his proceedings before the ABCMR. Compl. at 4. Plaintiff alleges that his discovery of this right constitutes newly discovered evidence. Compl. at 3, 7. Therefore, Plaintiff argues the statute of limitations applicable to his claim should be tolled and his claim should not be time-barred. Compl. at 7. Defendant has filed a Motion to Dismiss, arguing that Plaintiff's new knowledge of his rights does not constitute newly discovered evidence and that his claim is in fact time-barred. Def. Mot. Dismiss at 6–7. In response, Plaintiff has filed a Motion for Summary Judgment. Defendant has correspondingly filed a Motion for Summary Judgment.

The Court finds that Plaintiff's lack of knowledge, with regard to the law, does not constitute grounds for tolling the statute of limitations. Therefore, Plaintiff's action is time-barred and Defendant's Motion to Dismiss is **GRANTED** and, as a result, it is not necessary for the Court to address Defendant's Motion for Summary Judgment. Furthermore, Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**. Therefore, the Court need not reach the issue of Plaintiff's claims under the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28

---

1. "Applicants must file an application within three years after an alleged error or injustice is discovered or reasonably should have been discovered. The ABCMR may deny an untimely application ... [or] may excuse untimely filing in the interest of justice." Army Regulation 15–185, ¶ 2–4, Def. Mot. Dismiss Ex. A.

2. The Court notes that Plaintiff styled his Complaint against the United States, as well as Dr. Francis J. Harvey, Secretary of the Army and Carl W.S. Chun, Director, Army Board for Correction of Military Records. Pursuant to RCFC 10(a), the appropriate Defendant in a case in this Court is the United States. Therefore, the Court dismisses these named individuals from this suit.

U.S.C. § 1651, and Fifth and Sixth Amendments.

## I. DISCUSSION

The standard of review for a motion to dismiss is whether, when accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that the plaintiff is not entitled to relief. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). In a *pro se* case, the Court reviews and interprets a plaintiff's pleadings in the most favorable light possible. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

■ "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006). As this Court has established, "a claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 373 F.2d 356, 358 (1967), *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). In a military discharge case like the one Plaintiff now brings, the statute of limitations begins to run when the individual is discharged. *Warren v. United States*, No. 06–482C, 2006 WL 3490932, at *2 (Fed.Cl.). In the present case, Plaintiff was discharged from the Army in 1975. Compl. at 3. Thus, pursuant to 28 U.S.C. § 2501, the statute of limitations on Plaintiff's discharge claim accrued in 1975 and ran until six years later, to 1981. Instead of filing in this Court in or before 1981, Plaintiff waited until 1994 to file his first challenge to his discharge status with the

ABCMR. *Id.* After being denied by the ABCMR, Plaintiff then waited until 2005 to file for a reconsideration in the ABCMR. Then on July 11, 2006, Plaintiff filed suit in this Court, clearly outside the statute of limitations. Further, as this Court explained in *Martinez v. United States*, "the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his right to seek permissive administrative review of his claim ... a Tucker Act cause of action does not accrue for a second time when the prospective plaintiff exercises such rights." *Martinez v. United States*, 333 F.3d 1295, 1312 (Fed.Cir.2003) *(en banc) cert. denied*, 540 U.S. 1177, 124 S.Ct. 1404, 158 L.Ed.2d 76 (2004). Therefore, the six-year time limit had expired when Plaintiff filed in this Court and a new period did not begin when Plaintiff filed an administrative review petition in either 1994 or 2005.[3]

■ This Court has previously recognized that the statute of limitations may be tolled in certain circumstances. *See, e.g., Urie v. Thompson*, 337 U.S. 163, 169–70, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *Cottrell v. United States*, 42 Fed.Cl. 144, 154 (1998); *Japanese War Notes*, 373 F.2d at 358–59. However, unless the Court finds merit in Plaintiff's argument to toll the statute of limitations, the Court must find that it lacks jurisdiction as Plaintiff's claim is time-barred. Therefore, the Court now turns its attention to Plaintiff's claim that his newfound awareness of his legal right to counsel constitutes newly discovered evidence thus tolling the statute of limitations. In order to toll the statute of limitations on the basis of newly discovered evidence, Plaintiff must show that the reason the evidence was previously unknown to him was either because (1) those facts were concealed by the defendant, or (2) the injury is "inherently unknowable" at the accrual date. *Japanese War Notes*, 373 F.2d at 359. After careful examination of Plain-

---

**3.** The Court notes that even if Plaintiff's exercise of his right to seek permissive administrative review before the ABCMR had tolled the statute of limitation, Plaintiff's claim would still be time-barred. If the statute of limitations had been tolled by virtue of Plaintiff's 1994 petition before the ABCMR, Plaintiff would still have had to file in this Court in or before 2000. Furthermore, the statute of limitations could not have been tolled due to Plaintiff's 2005 petition for reconsideration before the ABCMR because the ABCMR denied Plaintiff's petition as time-barred. Def. Mot. Dismiss at 2; Army Regulation 15–185, ¶ 2–15(b), Def. Mot. Dismiss, Ex. A ("If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision ... then the case will be returned without action....").

tiff's pleadings, the Court notes Plaintiff did not allege that Defendant concealed his right to counsel from him or that this right was "inherently unknowable." An example of the "inherently unknowable" situation cited by the Court in *Japanese War Notes* is "when defendant delivers the wrong type of fruit tree to plaintiff and the wrong cannot be determined until the tree bears fruit." *Japanese War Notes*, 373 F.2d at 359 (citing 1 Williston on Sales, § 212(a) (Rev. ed.1948)). The Court finds that this reasoning does not support Plaintiff's claims. Plaintiff's argument is that he was unaware of his legal right to counsel. This right was neither concealed by the Government nor inherently unknowable in 1975. This claim is 26 years late and the alleged "newly discovered evidence" cannot make it timely.

The Supreme Court has held that a plaintiff's knowledge and awareness of the underlying facts, and not the potential corresponding legal rights, determines when a statute of limitations runs. *United States v. Kubrick*, 444 U.S. 111, 121–22, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."). *See also Sankey v. United States*, 22 Cl.Ct. 743, 745 (1991) ("[Plaintiffs'] ignorance of their legal rights does not toll 28 U.S.C. § 2501."). In *Kubrick*, the Supreme Court explained that a plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *United States v. Kubrick* at 123, 100 S.Ct. 352. After careful consideration of Plaintiff's pleadings, the Court finds that Plaintiff was clearly aware of the underlying facts related to the claims alleged in his Complaint at the time of his discharge in 1975. Therefore, the Court finds that the statute of limitations cannot be tolled on the basis of Plaintiff's ignorance of his right to counsel.

## II. CONCLUSION

The Court finds Plaintiff's claim of newly discovered evidence is not satisfied and that his contention of ignorance as to his right to counsel is insufficient to warrant a tolling of the statute of limitations set forth by 28 U.S.C. § 2501. Therefore, because Plaintiff's claim falls outside the six-year statutory period, the Court lacks jurisdiction to hear Plaintiff's claim under 37 U.S.C. § 204 and this case must be dismissed. The Court hereby **GRANTS** Defendant's Motion to Dismiss and directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint. Because the Court does not have subject matter jurisdiction over Plaintiff's Complaint, the Court need not address Defendant's Motion for Summary Judgment and hereby **DENIES AS MOOT** Plaintiff's and Defendant's Motions for Summary Judgment.

It is so **ORDERED**.

