Richard Henry MUTCH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–95C.

United States Court of Federal Claims.

April 26, 2007.

Richard Henry Mutch, Pro Se, Monroe, Washington.

Carrie Dunsmore, Trial Attorney, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Donald E. Kinners, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Defendant has filed a Motion for Summary Dismissal arguing that Plaintiff's Complaint[1]

1. Although Plaintiff styled his initial filing as a "Petition for Review" (Habeas Corpus), the Court will construe it as a Complaint seeking monetary relief as required by RCFC Rule 3.

fails to allege a claim within this Court's jurisdiction. Specifically, Defendant asserts that Plaintiff's claim is time barred under the statute of limitations imposed by 28 U.S.C. § 2501. Plaintiff comes before this Court challenging the validity of his 1961 military discharge and asserts that the six year statute of limitations provided by 28 U.S.C. § 2501 does not apply to his claims.

After review of all the pleadings, the Court hereby **GRANTS** the Defendant's Motion to Dismiss.

### FACTS

Plaintiff alleges that sometime in 1961 on the Island of Okinawa he faced a General Court Martial on the charge of being Absent Without Leave (AWOL). Compl. 3. Plaintiff makes a number of procedural challenges to the "unlawful process" of the "general court martial body" that sentenced him to six months hard labor, forfeiture of all pay, and a bad conduct discharge (BCD). *Id.* at 4. Specifically, Plaintiff alleges primarily that he was denied "the right to trial counsel at a general court martial" but also that he was not informed that he had the right to appeal, he did not receive a copy of the trial transcript, he was not informed he could have "some enlisted personal on my court martial panel," and he was not offered an "opportunity for allocution." *Id.* Plaintiff alleges that he did not receive "the type of counsel mandated by title 10 § 827" even though he was represented by a "green 2nd Lieutenant Motor Pool Officer with no legal training whatsoever." *Id.* For his alleged "unlawful" discharge, Plaintiff requests this Court to order the U.S. Marine Corps [2] to issue him an honorable discharge, with back pay and interest.

### DISCUSSION

This Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, as a *pro se* Plaintiff, this Court will construe Plaintiff's filings liberally. *See Cosma–*

*Nelms v. United States,* 72 Fed.Cl. 170, 172 (2006). The standard of review for a motion to dismiss is whether, if accepting all the allegations of the complaint as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is not entitled to relief. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Under 28 U.S.C. § 2501 (2006), "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This Court has established that a "claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." *Creppel v. United States,* 41 F.3d 627, 631 (Fed.Cir.1994) (quoting *Japanese War Notes Claimants Ass'n v. United States,* 373 F.2d 356, 358 (1967); *Warren v. United States,* 74 Fed.Cl. 723, 725 (2006)). In the context of a military discharge for back pay, the six year statute of limitations begins to run when the individual is discharged from the military. *Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) ("[T]his court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge.").

In the instant case, Plaintiff was discharged from the U.S. Marine Corps in 1961. Therefore, Plaintiff's claim should have been filed no later than sometime in 1967. *See* 28 U.S.C. § 2501 (2006). Plaintiff advances the argument, however, that the six year statute of limitations should not apply. Plaintiff reasons that the court martial did not have jurisdiction over him because he was not properly represented by counsel and his resulting discharge was not valid. This, however, does not toll the state of limitations. *See, e.g., Cooper v. United States,* 47 Fed.Cl. 115, 118 (2000) (holding that a claim based on improper discharge, including an assertion of ineffective counsel, was barred by the six year statute of limitations). Further, be-

---

**2.** Plaintiff noted at the end of his Objection to Motion for Summary Dismissal that "plaintiff was in the United States Marine Corps and not the Army," as the Government's brief cited.

cause Plaintiff waited almost forty years after his discharge to bring his claim, the Court finds that Plaintiff did not bring his claim diligently so as to allow for equitable tolling. *See Warren,* 74 Fed.Cl. at 726; *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("[The Supreme Court] has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies ... [The Supreme Court] has generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

Thus, Plaintiff's claims fall outside the six year jurisdictional limitation on this Court's jurisdiction. Therefore, Defendant's Motion to Dismiss must be granted.

## CONCLUSION

For the reasons laid out above, Plaintiff's claim falls outside the six year statute of limitations provided by 28 U.S.C. § 2501. Therefore, this Court lacks jurisdiction to hear Plaintiff's claim and it must be dismissed. The Court hereby **GRANTS** Defendant's Motion to Dismiss and directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

It is so **ORDERED.**