Joe A. BROWDER, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–239C.

United States Court of Federal Claims.

Nov. 9, 2007.

Joe A. Browder, Jr., Pro se, West Liberty, Kentucky.

Lauren S. Moore, Trial Attorney, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

SMITH, Senior Judge:

The Court has reviewed Plaintiff's Complaint, Defendant's Statement of Facts, Defendant's Motion to Dismiss or in the alternative, a Motion for Judgment upon the Administrative Record, Plaintiff's Motion For Leave to Amend Complaint, Defendant's Opposition, and the Administrative Record. After careful consideration, the Court hereby **GRANTS** Defendant's Motion to Dismiss for the reasons stated below.

### Facts

Plaintiff, Joe A. Browder, Jr., served in the United States Army on active duty from August 1, 1974, to August 11, 1975. AR 81, 96. Plaintiff completed basic combat and

medical specialist training, and was assigned to the 101st Airborne Division at Fort Campbell for 16 months. AR 109–110. During that time, he received non-judicial punishment for wilfully disobeying a lawful order by a superior officer. AR 142. While serving this punishment on June 9, 1975, military police caught Plaintiff with marijuana, and on June 10, 1975, he was charged with illegal possession of marijuana. AR 70, 89–90. On June 25, 1975, Plaintiff requested a discharge for the good of the service (Under Other Than Honorable Conditions) in lieu of a court-martial. AR 83.

Upon enlistment, Plaintiff completed a Report of Medical History on July 31, 1974, in which he stated that his health was "good" and indicated that he had never had foot problems, nervous trouble of any kind, depression, or excessive worry. AR 24. The clinical evaluation conducted as part of the enlistment procedure also assessed Plaintiff's feet and psychiatric condition as normal. AR 23. On about four occasions during mid-June, 1975, Plaintiff went to sick call and the Central Unit Dispensary to complain of nervousness and insomnia, with what the dispensary designated as a sinus headache. AR 42. Plaintiff did not again seek help until August, 1975, for a cut on his finger. AR 31, 43.

The discharge medical examination conducted on July 13, 1975, assessed Plaintiff's feet and psychiatric condition as normal. AR 36. Thereafter, Plaintiff was issued an undesirable discharge effective August 11, 1975. At that time he signed a Statement of Medical Condition indicating that there was no change in his medical condition since the discharge medical examination. AR 98. In the Fall of 1975, Plaintiff requested a discharge upgrade from the Army Discharge Review Board, who changed his discharge to discharge under honorable conditions (General). AR 58.

### Procedural History

On May 28, 2005, Plaintiff requested that the Army Board for Correction of Military Records (ABCMR) change his discharge to a medical discharge, and further requested that the Army disclose whether he was the subject of covert tests of illicit drugs. AR 57. In his application, Plaintiff also claimed that he sought treatment for anxiety, insomnia, and depression, which made him 100% disabled. *Id.* On April 18, 2006, the ABCMR denied Plaintiff's application for three reasons: (1) there was no medical evidence to support his claim that he had medical issues during his service which would have warranted a medical discharge; (2) there was no evidence of covert tests of illicit drugs; and (3) there was an insufficient basis to waive the three-year statute of limitations. AR 54.

Plaintiff sought reconsideration on July 3, 2006, and provided supplemental medical records of sick call and clinic visits from June 1975, and submitted another request to change his discharge to medical discharge on Oct. 2, 2006, now alleging flat feet and related physical and psychological problems. AR 10, 40–41, 44. In support of his flat feet claim, Plaintiff submitted a document from the Board of Veteran Appeals, in which they found that, as a conclusion of law, his "claim of entitlement to service connection for flat feet is not well grounded."[1] AR 13. The ABCMR reconsidered and denied Plaintiff's claim on Feb. 22, 2007, finding no evidence that he suffered from flat feet while on active duty, and that his complaints of nervousness, anxiety, and insomnia were temporary, event-related, and normal given the charges preferred against him. AR 4.

On April 9, 2007, Plaintiff filed a complaint in this Court alleging that he developed "symptoms of mental illness" as a result of joining the U.S. Army with flat feet and being the subject of covert experiments of illicit drugs. Compl. 1. Plaintiff additionally asserts that the Department of the Army altered his medical records and destroyed his military personnel records, and that the ABCMR erred in failing to change his discharge to a medical discharge. *Id.* at 1–2. Plaintiff requests that this Court award damages in the amount of $2,500,000 in "back pay," and appears to request that this Court

---

1. Plaintiff filed a disability claim with the VA in 1995, alleging that he was hospitalized for psychiatric treatment in 1992–1993. AR 12–13.

The VA gave Plaintiff a rating of 10% for flat feet but noted that the condition was not service connected. *Id.*

change his discharge to a medical discharge. *Id.*

### Standard of Review

For the purpose of court filings, a *pro se* plaintiff's pleadings are held to a more lenient standard of review than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Therefore, since Plaintiff filed his complaint *pro se,* this Court will construe Plaintiff's filings liberally. *See Cosma–Nelms v. United States,* 72 Fed.Cl. 170, 172 (2006). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499 (2004), *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004). Pursuant to RCFC 8(a)(1) and FRCP 8(a)(1), a plaintiff need only state in the complaint a "short and plain statement of the grounds upon which the court's jurisdiction depends." However, "conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998).

In considering whether to dismiss a claim for lack of subject matter jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995). However, the plaintiff still bears the burden of establishing jurisdiction by a preponderance of the evidence.

### Jurisdiction of the Court of Federal Claims

This Court has determined that Plaintiff's claims arise either in tort or are back pay claims, and will address the jurisdiction of each issue separately. For the reasons set forth, this Court **GRANTS** Defendant's Motion to Dismiss.

### I. Tort Claims

██ Under the Tucker Act, this Court has jurisdiction over monetary claims against the United States not "sounding in tort." 28 U.S.C. § 1491(a)(1) (2006); *Hicks v. United States,* 23 Cl.Ct. 647 (1991). In other words,

if the Government misconduct alleged was tortious, this Court does not have jurisdiction; jurisdiction to hear tort claims is exclusively granted to the United States district courts under the Federal Torts Claims Act. *McCauley v. United States,* 38 Fed.Cl. 250, 264 (1997), *aff'd,* 152 F.3d 948 (Fed.Cir.1998). The allegations that (1) Plaintiff suffered from mental illness as a result of being "allowed into the Army ... despite having flat feet;" (2) Defendant subjected Plaintiff to "covert experiments as to the long-term effects of illicit drugs;" and (3) the ABCMR deliberately destroyed Plaintiff's records all sound in tort. Therefore, this Court does not have jurisdiction to hear those claims and the case must be dismissed under RCFC 12(b)(1).

### II. Back Pay Claims

██ In this case, this Court also lacks jurisdiction to hear Plaintiff's back pay claims. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006). The six-year time limit is jurisdictional, so that the Court cannot entertain a claim filed beyond that time. *Cristina Inv. Corp. v. United States,* 40 Fed.Cl. 571, 576 (1998). A claim accrues for statute of limitations purposes "when all of the events necessary to fix the alleged liability of the Government have occurred and the claimant is legally entitled to bring suit." *Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988). In the context of a military discharge, the six year statute of limitations begins to run when the individual is discharged from the military. *Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) *(en banc), cert. denied,* 540 U.S. 1177, 124 S.Ct. 1404, 158 L.Ed.2d 76 (2004). In the instant case, Plaintiff was discharged from the United States Army on August 11, 1975. Therefore, Plaintiff's claim should have been filed no later than August 10, 1981.

██ Nevertheless, the statute of limitations may be tolled under the limited circumstances of either equitable tolling or newly discovered evidence. First, because Plaintiff

waited over thirty years after his discharge to pursue his claim, the Court finds that Plaintiff did not bring his claim diligently so as to allow for equitable tolling. *See Warren v. United States,* 74 Fed.Cl. 723, 726 (2006); *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("[The Supreme Court] has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies ... [The Supreme Court] has generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

Second, Plaintiff alleges that he suffered from mental illness during the three year period following his discharge. *See* Compl. 2. The only way Plaintiff's claim may be tolled is if he can demonstrate that he was unaware of the facts underlying his claim because (1) those facts were concealed by Defendant or (2) the injury is "inherently unknowable." *Japanese War Notes Claimants Ass'n. v. United States,* 178 Ct.Cl. 630, 373 F.2d 356 (1967). First, Plaintiff did not make these allegations. Second, Plaintiff applied for VA benefits on October 17, 1995, allegedly as a result of hospitalization for psychiatric treatment in 1992–1993. AR 12–13. Therefore, even if the Court were to construe Plaintiff's case from this date, the claims are still barred because Plaintiff must have filed his complaint before October 17, 2001.

### ABCMR Decision

■ The standard of review that the Court applies to a military corrections board decision is whether the decision was "arbitrary, capricious, unsupported by substantial evidence, in bad faith or contrary to law or regulation." *Heisig v. United States,* 719 F.2d 1153, 1156 (1983). To satisfy the burden of proof, the plaintiff must present "cogent and clearly convincing evidence." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (1986) (quoting *Dorl v. United States,* 200 Ct.Cl. 626, 633, 1973 WL 21334 (1973), *cert. denied,* 414 U.S. 1032, 94 S.Ct. 461, 38 L.Ed.2d 323 (1973)). Furthermore, judicial review of a military corrections board decision "does not require a reweighing of the evidence, but rather a simple determination that a reason-able mind could support the challenged conclusion." *Donahue v. United States,* 33 Fed. Cl. 507, 510 (1995).

The Court finds that Plaintiff did not meet the requisite burden of proof to establish that the ABCMR acted arbitrarily, capriciously, or contrary to law for the following three reasons. First, Plaintiff has not offered any evidence that he suffered from flat feet while in the Army, and his medical records indicate that his feet were normal upon enlistment and discharge. AR 23, 24, 36. Second, the ABCMR found that Plaintiff's sick call and clinic visits in the summer of 1975 for nervousness, anxiety, and insomnia were insufficient proof that Plaintiff was mentally ill prior to his discharge, and that Plaintiff's symptoms were normal given that criminal charges were pending against him. AR 6, 54. Third, the VA disability rating is insufficient evidence that Plaintiff is entitled to a medical discharge, because the VA and Army apply different standards for disability determinations, and the rating is not binding on the ABCMR. Therefore, the Court finds that the ABCMR decision was not arbitrary or capricious, and the Court must deny Plaintiff's claim that he is entitled to a medical discharge.

### Plaintiff's Motion for Leave to Amend Complaint

RCFC 15(a) provides that when a response to a Complaint has been served, a party may amend their pleading, and leave shall be given freely when justice so requires. One common ground for denying a proposed amended pleading is futility of the proposed amendment. *St. Paul Fire & Marine Ins. Co. v. United States,* 31 Fed.Cl. 151, 155 (1994) ("[w]hen futility is asserted as a basis for denying a proposed amendment, courts do not engage in an extensive analysis of the merits of the proposed amendments as plaintiff's argument suggests"). When a party asserts futility, Courts will decide whether the proposed amendment is facially meritless and frivolous. *Id.*

Plaintiff requests that the Court allow him to amend his Complaint to include a "violation of 42 U.S.C.A. § 1985, by virtue of conspiracy with state actors to violate [his] rights to equal protection under the laws,

because of [his] pending civil actions in federal courts and because of [his] membership in a protected class as an African American." Pl. Mot. 2. First, the statutory or constitutional claims Plaintiff asserts must be money-mandating to comply with the subject matter jurisdiction requirement. *LeBlanc v. United States*, 50 F.3d 1025, 1030 (Fed.Cir.1995). Second, this Court has repeatedly held that it lacks jurisdiction with respect to claims involving civil rights violations. 28 U.S.C.A. § 1491(a)(1), *Cottrell v. United States*, 42 Fed.Cl. 144, 149 (1998). Consequently, this Court holds that granting Plaintiff's Motion for Leave to Amend Complaint would be a futile exercise. Because this Court lacks jurisdiction over Plaintiff's alleged civil rights violations, Plaintiff's Motion for Leave to Amend Complaint is **DENIED.**

### Conclusion

Defendant's Motion to Dismiss is hereby **GRANTED,** and Plaintiff's Motion for Leave to Amend Complaint is **DENIED,** and the Clerk of the Court is directed to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**